IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW VOGT,

                Plaintiff,            3:14-cv-01223-PK

v.                                                 OPINION AND ORDER

TONYA COTEUR, RICHARD BLACK,
and JEFFERSON COUNTY BUILDING
DEPT.,

                Defendants.

---

PAPAK, Magistrate Judge:

        Plaintiff Matthew Vogt filed this *pro se* action *in forma pauperis* against Defendants Tonya Cloutier et al. on July 31, 2014. Now before the court is Plaintiff Motion for Default

Page 1 - OPINION AND ORDER

Judgment and Relief (#31), seeking an entry of default judgment in his favor against Defendants in this action pursuant to Federal Rule of Civil Procedure ("Rule") 55.[1]

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). Whether to grant a judgment by default is within the discretion of the district court. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors which may be considered by the district court in exercising its discretion to enter default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiffs substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *See id.* at 1472.

Plaintiff's basis for his motion is that "[n]o motion or answer was delivered timely" and he is therefore entitled to relief under Rule 55. Pl.'s Motion, #31. Defendants respond that named defendants were never served with a summons and complaint by the United States Marshals Service. The record reflects that fact, and shows that summons were issued to Defendants as of August 13, 2015, two days after Plaintiff filed the instant motion (#34). Thus, any failure to timely reply is the fault of Plaintiff alone, and his motion is therefore without merit.

---

[1] Plaintiff improperly moves under Rule 12.

Page 2 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (#31) is denied.

IT IS SO ORDERED

Dated this 17th day of August, 2015.

Honorable Paul J. Papak
United States District Judge